UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER W. WALDRON,
#750839,

    Petitioner,                                  Civil Action No. 20-CV-11633

vs.                                            HON. BERNARD A. FRIEDMAN

NOAH NAGY,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a prison term of 46 months to 40 years following the St. Joseph County Circuit Court's determination that he violated the probation conditions attached to his underlying conviction of possession of methamphetamine. MICH. COMP. LAWS § 333.7403(2)(B)(1). The petition raises two claims: (1) petitioner's sentence was an unreasonable departure from the advisory guidelines range, and (2) petitioner's counsel was ineffective for failing to advocate for a sentence below the recommended guideline range. *See* docket entry 1, PageID.40-44. The Court shall deny the petition because both claims are without merit. The Court shall also deny petitioner a certificate of appealability and leave to appeal in forma pauperis.

### *I. Background*

On June 11, 2018, petitioner was placed on two-years' probation after he pled guilty to possession of methamphetamine as a fourth-time habitual felony offender. *See* docket entry 6-3. The charges carried a maximum penalty of life imprisonment. *See id*. As a condition

of his probation, petitioner was ordered to complete the court's adult drug treatment program. *Id.* at PageID.122-23.

In September and October of 2018, petitioner was charged with and pled guilty to three violations of his probation conditions. *See* docket entry 6-4, 6-5, and 6-6. None of those violations resulted in a prison sentence. On December 10, 2018, petitioner pled guilty to another probation violation, this time involving his possession and use of methamphetamine, failure to submit to scheduled drug testing, and failure to comply with the electronic monitoring agreement. *See* docket entry 6-9, PageID.167-71. Following this fourth violation, the court sentenced petitioner "at the top of the guidelines" to 46 months' to 40 years' imprisonment. Docket entry 6-10, PageID.180.

Petitioner's appointed counsel filed a motion for resentencing, asserting that petitioner's sentence was unreasonable and disproportionate. *See* docket entry 6-11, PageID.190-93. The trial court awarded petitioner additional jail credit, but it denied the motion for resentencing, finding that the "sentence was fair. It's within the guidelines. It takes into account his history. It takes into account his violations, and it takes into account his willingness to change [or lack thereof]." *Id.* at PageID.195.

Petitioner appealed this decision, arguing that "the trial court erred in imposing a sentence which violates the principle of proportionality" – the first of the two arguments raised in his instant petition. Docket entry 6-12, PageID.205. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *Id.* at PageID.198. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied by form order. *See* docket entry 6-13, PageID.288.

## II. Standard of Review

Section 2254(d) curtails federal habeas review of state convictions for claims adjudicated on the merits by state courts. A habeas petitioner must demonstrate that the state court adjudication was "contrary to" or "involved an unreasonable application of" clearly established Supreme Court law. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). In defining the term "contrary to," the Supreme Court has explained:

> First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

*Id*. at 405. An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.

Under this deferential standard of review, a federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11. Rather, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted).

## III. Petitioner's Claims

### A. Proportionality of Sentence

Petitioner's first claim asserts that his sentence was unreasonable or disproportionate to the severity of his offense. Raising the same arguments as on appeal, *see* docket entry 6-12, in the instant application petitioner contends that his sentence violates Michigan Supreme Court precedent, especially the holdings in *People v. Lockridge*, 870 N.W.2d

3

502 (Mich. 2015), and *People v. Milbourn*, 461 N.W.2d 1 (Mich. 1990). At no point has petitioner argued that his sentence violates the Eighth Amendment.

In *Lockridge*, the Michigan Supreme Court determined that the state sentencing guidelines are advisory, rather than mandatory, but it did not give the sentencing court unrestricted discretion to sentence outside of the advisory range. *Id*. at 520-21. Rather, the Michigan Supreme Court held that when a court sentences outside of the advisory range, the resulting sentence must be reasonable. *Id*. at 521. "Reasonableness" as used in *Lockridge* is determined through the application of the Michigan Supreme Court's decision in *Milbourn,* a case based entirely on state-law principles. *See People v. Steanhouse*, 902 N.W.2d 327, 331 (Mich. 2017).

"[A] federal court may issue the writ [of habeas corpus] to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting § 2254(a)). Consequently, petitioner's argument that his sentence was "unreasonable" as defined in *Lockridge* and *Milbourn* does not state "a claim cognizable in federal habeas corpus." *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). The claim therefore lacks merit.

### B. Failure to Advocate for Lower Sentence

Petitioner's second claim asserts that his trial counsel was ineffective for failing to advocate for a below-the-guidelines sentence. Although petitioner did not raise this claim on appeal, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Section 2254(b)(2). In its discretion, the Court shall decide this claim on the merits, rather than dismiss it for being unexhausted.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that "counsel's performance was deficient." *Id*. at 687. Second, a defendant must demonstrate that counsel's "deficient performance prejudiced the defense." *Id*. To demonstrate prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

The Court is not convinced that petitioner was prejudiced by his counsel's failure to advocate for a sentence below the recommended guideline range. Trial counsel sought a sentence at the low end of the guidelines, *see* docket entry 6-10, PageID.175-77, but the court nevertheless sentenced petitioner at the high end of the range. *See id*. at PageID.180. It would be illogical to conclude that the trial court would have accepted a below-the-range sentence when the more modest request for a low-end sentence was rejected. If "one is left with pure speculation on whether the outcome of . . . the penalty phase could have been any different," there is an insufficient showing of prejudice. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004). Petitioner's second claim is without merit because he has failed to demonstrate that he was prejudiced by his counsel's failure to request a sentence below the recommended guideline range.

As neither of petitioner's habeas claims merits relief, the petition is denied.

### IV. Certificate of Appealability and Leave to Proceed in Forma Pauperis

In order to appeal the Court's decision, petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

> To obtain a [certificate of appealability] under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a

> constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court may grant or deny a certificate of appealability when it issues a ruling on a habeas petition. *See Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). In the present case, jurists of reason could not debate the Court's conclusion that petitioner has failed to demonstrate entitlement to habeas relief with respect to his claims, as they both are devoid of merit. Therefore, a certificate of appealability is denied.

The Court also denies petitioner leave to appeal in forma pauperis because any appeal would be frivolous. *See* 28 U.S.C. § 1915(a)(3).

### V. Conclusion

Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER OREDERED that leave to proceed in forma pauperis is denied.

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: March 23, 2021
Detroit, Michigan

6

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2021.

| | |
|---|---|
| Alexander W. Waldron #750839 | s/Johnetta M. Curry-Williams |
| G. Robert Cotton Correctional Facility | Case Manager |
| 3500 N. Elm Road | |
| Jackson, MI 49201 | |